141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Joseph BROWN, Defendant-Appellant.
 No. 97-16267.
D.C. No. CV-95-01838-VRW.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the Northern District of California, Vaughn R. Walker, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brown moves to vacate, set aside or correct his sentence for unlawful use of a communications facility in violation of 21 U.S.C. § 843(b) and using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. §§ 1291, 2255, and we affirm.
 
 
 3
 There is no dispute that Brown's conviction under section 924(c) cannot stand under the "use" prong in light of Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1996). Brown admitted to possessing a firearm during the narcotics transaction, and therefore he "carried" a firearm within the meaning of section 924(c). See United States v. Foster, 133 F.3d 704 (9th Cir.1998) (en banc). Brown argues that he pleaded only to using the firearm, and therefore his conviction cannot be sustained under the "carry" prong. Although the plea agreement between Brown and the government did state that Brown would plead guilty to using a firearm (and not carrying one), in open court Brown actually pleaded guilty to "using and carrying a firearm during and in relation to drug trafficking crime." [ June 25, 1993 R.T. 20:12-19] Where there is a variance between the written terms of an agreement and the court's oral pronouncement as affirmed by the defendant, the latter controls if there is no objection. See, e.g., United States v. Buchanan, 59 F.3d 914, 917-18 (9th Cir.1995). Brown did not object, and therefore, he was convicted of using or carrying a firearm during and in relation to a drug trafficking crime.
 
 
 4
 Brown's other contentions are that section 843(b) is neither a crime of violence nor a drug trafficking crime, and that the sentence component of two years of supervised relief exceeds the maximum amount allowable under 18 U.S.C. § 3583(b)(3). Because Brown failed to raise these claims with the district court during the sentencing hearing, he must demonstrate cause and prejudice to excuse his procedural default. United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). He fails to do so, and therefore, we reject his claims.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3